Eva M. Weiler (SBN: 233942)
Kevin Underhill (SBN: 208211)
Steve Vieux (SBN: 315133)
SHOOK, HARDY & BACON L.L.P.
Jamboree Center
5 Park Plaza, Suite 1600
Irvine, California  92614-2546
Telephone:  949-475-1500
Facsimile:   949-475-0016
eweiler@shb.com
kunderhill@shb.com
svieux@shb.com

Attorneys for Defendant
WALMART INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREENPEACE, INC., <br><br> Plaintiff, <br><br> vs. <br><br> WALMART INC.; DOES 1 through 25, inclusive, <br><br> Defendants. | Case No.: 3:21-cv-00754 <br><br> Judge: Hon. <br> Ctrm.: <br><br> **DEFENDANT WALMART INC.'S NOTICE OF REMOVAL** <br><br> **DEMAND FOR JURY TRIAL** <br><br> [Filed concurrently with Declaration of Z. Freeze; Certification of Interested Parties; Disclosure Statement; and Civil Cover Sheet] <br><br> Complaint filed:  December 16, 2020 |

TO ALL PARTIES, THEIR ATTORNEYS OF RECORD AND THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, defendant Walmart Inc. ("Walmart") hereby removes the above-entitled case from the Superior Court of California, County of Alameda, to the United States District Court for the Northern District of California.

As grounds for removal, Walmart states the following:

## I.   NATURE OF REMOVED ACTION

1. On December 16, 2020, Plaintiff filed its Complaint in Alameda County Superior Court. That court assigned the case number RG20082964.

2. The Complaint names Walmart as a defendant.

3. The Complaint also names defendants whose true names and capacities are not yet known to Plaintiff (collectively, "Doe Defendants"). The Doe Defendants have not been identified, and on information and belief, have not been served. Thus, their consent to removal is not required.

4. The Complaint alleges three counts for violations of the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.*, based on allegations of: (1) fraudulent acts and practices; (2) unlawful acts and practices; and (3) unfair acts and practices.

5. According to the Complaint, Plaintiff is a public interest organization aimed at combating plastic pollution and educating the public on various global environmental issues. *See* Compl. ¶¶ 5, 6. Plaintiff pleads that Walmart's private label brand products are falsely "advertised, marketed, and sold as recyclable." *Id.* ¶ 2. The claims are largely based on allegations of Walmart's failure to comply with the Federal Trade Commission's *Guides for the Use of Environmental Marketing Claims* ("Green Guides"), 16 C.F.R. § 260.1, *et seq. See, e.g.,* Compl. ¶¶ 44-45, 49, 51-52, 77 (citing to Green Guides as a basis for allegations); *see also id.* ¶ 77 ("Defendants' conduct also violates the policy of the Green Guides…. Taking advantage of consumer perception in this manner violates the policy of the Green Guides.").

6. Plaintiff attempted to serve Walmart with the state-court complaint by mailing it on December 23, 2020. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the Summons and Complaint are attached as **Exhibit A**, and copies of all other processes, pleadings, and orders that were attempted to be served on Defendant are attached as **Exhibit B**.

## II. SERVICE ON THE STATE COURT

7. Pursuant to 28 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal, written notice of such filing will be given by the undersigned to Plaintiff's counsel of record, and a copy of the Notice of Removal will be filed with the Clerk of the Superior Court for the County of Alameda.

## III. TIMELINESS OF REMOVAL

8. This removal is timely because this Notice is being filed within 30 days of January 4, 2021, the date formal service by mail was, or would have been, deemed complete under California law. *See* 28 U.S.C. § 1446(b)(1); Cal. Civ. Pro. § 415.40; *SteppeChange LLC v. VEON Ltd.*, 354 F. Supp. 3d 1033, 1041–42 (N.D. Cal. 2018) (holding "the weight of authority is overwhelming" that the removal period begins on the 10th day after mailing when service is accomplished under § 415.40); Cal. Rules of Ct. 1.10 (the last day for performance of any act…is extended to and includes the next day that is not a holiday). Here, Plaintiff mailed the Summons and Complaint on December 23, 2020, so service was deemed complete on Monday, January 4, 2021. Accordingly, Walmart had until at least February 3 to remove. (Walmart believes that Plaintiff's service was incorrect and, therefore, ineffective but has removed before February 3 out of an abundance of caution.)

## IV. VENUE

9. The State Court Action was filed in Alameda County. Therefore, venue for the removed action properly lies in the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 84(a) and 1391(a).

## V. SUMMARY OF ALLEGATIONS AND GROUNDS FOR REMOVAL

10. Plaintiff asserts three causes of action under the UCL based on allegations of noncompliance with the Green Guides. *See, e.g.,* Compl. ¶ 3, 23-29. Plaintiff alleges that Walmart—a retailer of food, beverage, and other consumer

3

NOTICE OF REMOVAL - 3:21-cv-00754

4838-4650-1589

1  products—caused harm to unidentified consumers by falsely marketing and
2  advertising private label brand products and packaging as recyclable. *See id*. ¶ 44.

3  11. Aside from attorneys' fees and costs, Plaintiff seeks the following
4  injunctive relief: (1) "'enjoin[ing]' Defendants from conducting their business through
5  the [] violations of law described in this Complaint," (2) compelling Defendants to
6  "conduct corrective advertising . . . advising consumers that the Products do not have
7  the characteristics, uses, benefits, and qualities Defendants have claimed," (3)
8  enjoining Defendants "from marketing and promotion of the Products that state or
9  imply the Products are recyclable," and (4) compelling Defendants to "implement
10 whatever measures are necessary to remedy [] violations of law described in this
11 Complaint." Compl., Prayer for Relief.

12 12. In filing or consenting to this Notice of Removal, Walmart does not
13 waive, and expressly preserves, its right to challenge personal jurisdiction, sufficiency
14 of process, and/or sufficiency of service of process in any federal or state court. *See
15 e.g. Munjy v. Destination XL Grp., Inc*., No. 1:14–cv–1557–TLN–SKO, 2015 WL
16 1021129, at *3 (E.D. Cal. Mar. 9, 2015) ("[A] defendant does not waive jurisdictional
17 challenges by removing a case to federal court." (citation and internal quotation marks
18 omitted)); *Carter v. Bldg. Material & Constr. Teamsters' Union Local* 216, 928 F.
19 Supp. 997, 1000-01 (N.D. Cal. 1996) ("A petition for removal affects only the forum
20 in which the action will be heard; it does not affect personal jurisdiction."); *see also*
21 Charles A. Wright et al., *Federal Practice and Procedure* § 3721 (4th ed. 2019) ("A
22 defendant does not waive any defense it may have to an action . . . by removing the
23 case from state to federal court. A defendant may, for example, move to dismiss for
24 lack of personal jurisdiction after removing a suit.").

25 13. For purposes of meeting the jurisdictional requirements for removal only,
26 however, Walmart submits that removal is proper on two independent grounds.

27 14. **First**, this action is removable under 28 U.S.C. § 1441(b) because this
28 Court has original jurisdiction over this action, as there is complete diversity of

citizenship between Plaintiff and Walmart, and the amount in controversy exceeds $75,000.

15. **Second**, this action is removable under 28 U.S.C. § 1331 and 28 U.S.C. § 1441 because Plaintiff's claims present a federal question under the Green Guides 16 C.F.R. § 260.12, *et seq.,* and the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45, *et seq.* To the extent this Court construes any of Plaintiff's claims as arising under state law, this Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy as the claims over which the Court has original jurisdiction.

## VI. REMOVAL IS PROPER BASED ON DIVERSITY JURISDICTION

16. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000 exclusive of interests and costs.

### A. Complete Diversity of Citizenship Exists.

17. For diversity purposes, a corporation "shall be deemed to be a citizen of every State and foreign State by which it has been incorporated and of the State or foreign state where it has its principal place of business . . ." 28 U.S.C. § 1332(c)(1); *see Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010).

18. Plaintiff alleges that it is a non-profit, public interest organization headquartered in Washington, D.C. Compl. ¶ 5. Plaintiff is incorporated under California law. *See* https://www.greenpeace.org/usa/wp-content/uploads/legacy/Global/usa/report/2007/7/greenpeace-inc-articles-of-in.pdf. Plaintiff is therefore a citizen of California and the District of Columbia.

19. Walmart, at the time the Complaint was filed and at the time of this Notice, is a company incorporated under Delaware law, with its principal place of business in Bentonville, Arkansas. Walmart is therefore a citizen of the States of Delaware and Arkansas.

20. The Doe defendants named in Plaintiff's Complaint are fictitious. Compl. ¶ 18. The Complaint does not set forth the identity or status of these fictitious defendants, nor does it set forth any charging allegations against any fictitious defendants. The citizenship of such fictitious defendants must be disregarded for the purposes of determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties in this action. *See* 28 U.S.C. § 1441(b)(1).

21. In sum, because Plaintiff is a citizen of the District of Columbia and California and Walmart is a citizen of Delaware and Arkansas, the complete diversity requirement of 28 U.S.C. § 1332(a) is satisfied.

**B. The Amount-in-Controversy Requirement is Satisfied.**

22. Pursuant to 28 U.S.C. § 1446(c)(2)(B), removal based on diversity jurisdiction is proper if the amount in controversy exceeds $75,000.

23. A removing defendant need only show that the amount in controversy "more likely than not" exceeds the jurisdictional minimum of $75,000. *Sanchez v. Monumental Life Ins. Co*., 102 F.3d 398, 404 (9th Cir. 1996); *Cavada v. Inter-Continental Hotels Group,* No. 19cv1675-GPC(BLM), 2019 WL 5677846, at *2 (S.D. Cal. Nov. 1, 2019). When the amount in controversy is not specified in the complaint, the court may consider the facts alleged in the complaint as well as in the notice of removal. *See Singer v. State Farm Mut. Auto. Ins. Co*., 116 F.3d 373, 376 (9th Cir. 1997); *Simmons v. PCR Tech*., 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002).

24. When the plaintiff seeks injunctive relief, the amount in controversy is measured by the value of the object of the litigation. *Luna v. Kemira Speciality, Inc*., 575 F. Supp. 2d 1166, 1172 (C.D. Cal. 2008). "[T]he amount in controversy is the 'amount at stake in the underlying litigation." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016). "'Amount at stake' does not mean likely or probable liability; rather it refers to possible liability." *Id.* "This includes any result of the litigation, excluding interests and costs, that 'entails payment' by the defendant." *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 793

(9th Cir. 2018) (internal quotation marks omitted).  Among other items, the amount in controversy includes the "costs of complying with an injunction." *Id.*

25. "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (citing *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)).  Defenses that a defendant may assert, however, are not considered in assessing the amount placed in controversy.  *See Riggins v. Riggins*, 415 F.2d 1259, 1262 (9th Cir. 1969) ("[T]he possibility of such a defense being valid does not affect the jurisdiction of the district court to hear and determine the controversy"); *Hernandez v. Towne Park, Ltd.*, No. CV 12-02972 MMM (JCGx), 2012 WL 2373372, *10 (C.D. Cal. June 22, 2012) ("[T]he fact that [defendant] may assert a limitations defense does not limit the relief sought in the complaint."); *Lara v. Trimac Transp. Svcs. (W.) Inc.*, No. CV 10-4280-GHK (JCx), 2010 WL 3119366, *3 (C.D. Cal. Aug. 6, 2010) ("affirmative defenses . . . may not be invoked to demonstrate that the amount in controversy is actually less than the jurisdictional minimums.").

26. Defendant may assume a recovery rate of 100% in calculating the amount in controversy when, as here, the complaint does not allege a more precise calculation.  *See Navarro v. Servisair*, LLC, No. C 08-02716 MHP, 2008 WL 3842984, at *8-9 (N.D. Cal. Aug. 14, 2008); *Korn*, 536 F. Supp. 2d at 1204–05; *Alvarez v. Ltd. Express*, LLC, No. 07CV1051 IEG (NLS), 2007 WL 2317125, at *3 (S.D. Cal. Aug. 8, 2007); *Muniz v. Pilot Travel Centers LLC*, No. CIV. S-07-0325 FCD EFB, 2007 WL 1302504, at *5 (E.D. Cal. May 1, 2007) (a removing defendant is not obligated to "'research, state, and prove the plaintiff's claims for damages.'" (quoting *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994)). These courts recognize "that imposing overly stringent requirements on a defendant to prove the amount in controversy would run the risk of essentially asking defendants to prove the

plaintiffs' case." *Altamirano v. Shaw Indus., Inc.*, No. C-13-0939 EMC, 2013 WL 2950600, at *5 (N.D. Cal. June 14, 2013).

27. Where, as here, the complaint does not state the amount in controversy, the Notice of Removal may do so. The defendant need only include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). A removing defendant may rely on "a chain of reasoning that includes assumptions" and "an assumption may be reasonable if it is founded on the allegations of the complaint." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198-99 (9th Cir. 2015)). A defendant is thus not obligated to support removal by producing extensive business records. *Muniz*, 2007 WL 1302504, at *5 (citing *McGraw*, 863 F. Supp. 2d at 434); *see also Jones v. Tween Brands, Inc.*, No. 2:14-CV-1631-ODW (PLAx), 2014 WL 1607636, at *2 (C.D. Cal. Apr. 22, 2014) (finding defendant did not need to provide payroll data to support removal because defendant "is not required to meet such a high burden"); *Thomas v. Aetna Health of California*, No. 1:10–cv–01906–AWI–SKO, 2011 WL 2173715, at *20 ("[R]equiring Defendants to forecast an exact violation rate would essentially force a removing defendant to prove the plaintiff's case.").

28. Although Walmart concedes no liability, assuming Plaintiff's allegations to be true, the claims place in controversy a sum greater than $75,000.

29. The amount in controversy includes "the cost of complying with an injunction." *Fritsch*, 899 F.3d at 793; *accord Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018); *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648-49 (9th Cir. 2016) (finding district court did not err in finding amount in controversy satisfied where potential cost of complying with injunctive relief considered).

30. Plaintiff's Complaint asserts that the products at issue in this action meet the following criteria: a) products made of, or packaged in, plastic resins 3, 4, 5, 6, or 7, b) products sold under one of Walmart's private brands, and c) products labeled as

recyclable. Compl. ¶ 2. The products that Walmart sells that meet these criteria are referred to as the "Subject Products."

31. Here, Plaintiff seeks to enjoin Walmart from "conducting business" relating to the Subject Products and for an order from the Court ordering Walmart to cease the "marketing and promotion of [the Subject Products] that state or imply that the [Subject] Products are recyclable." Compl. Prayer ¶ A & C. Although Plaintiff's requested relief is unclear, the injunctive relief sought would require Walmart to incur significant expenses.

32. The proposed injunctive relief would require Walmart to remove the Subject Products from its retail store shelves in California. That would include hundreds of different types of products. *See* Decl. of Zachary Freeze, at ¶¶ 5 & 7. And removing the products from its stores and distribution centers serving California would cause Walmart to lose the value of the products, including, among other things, the wholesale cost already incurred and the retail price Walmart would receive by selling them. *Id.* at ¶ 5. Based on *only* the 11 exemplar products provided in Plaintiff's complaint—which make up a small portion of the hundreds of Walmart products targeted by this Complaint—Walmart would incur losses in excess of $75,000 (approximately $81,000 in wholesale cost and $154,000 in retail sales based on the 54,000 individual units currently on hand in Walmart's California stores and distribution centers that service California stores) in order to comply with Plaintiff's requested injunctive relief. *See* Decl. of Zachary Freeze, ¶¶ 5-7. In addition, because these products sold by Walmart in California have identical recyclability claims elsewhere in the United States, Walmart would also lose the value of the products throughout the United States. *Id.* at ¶ 5.

33. Sampling an additional ten products from the hundreds of products at issue in this lawsuit shows an even greater loss: approximately $321,000 in wholesale cost and $575,000 in retail sales based on the 49,000 individual units currently on hand in Walmart's California stores and distribution centers that service California

stores. *See* Decl. of Zachary Freeze, ¶¶ 8-9. Just the lost value of the current units on-hand for a sample of ten of the products at issue in this lawsuit far exceeds $75,000. Likewise, there is also expense associated with the physical removal of the products from shelves, such as return fees, communication fees, destruction fees, transportation, handling, and processing, the cost of which also exceeds $75,000. *See* Decl. of Zachary Freeze, ¶¶ 10.

34. Plaintiff also demands that Walmart engage in a "corrective advertising and information campaign advising consumers that the Products do not have the characteristics, uses, benefits, and qualities Defendants have claimed." Compl. Prayer ¶ B. The amount in controversy includes any result of the litigation that "entails payment" by the defendant. *Fritsch*, 899 F.3d at 793) (internal quotation marks omitted). Beyond development and effectuation of the proposed information campaign, Plaintiff's proposed injunctive relief would also involve expense associated with label changes, such as artwork, printing, design, and personnel; all of which also exceeds $75,000. *See* Decl. of Zachary Freeze, ¶ 11.

35. Walmart denies that it has any liability to Plaintiff, and denies that Plaintiff is entitled to recover injunctive relief or the other relief requested in the Complaint. Nevertheless, the amount in controversy is not a merits issue, but instead, is measured by the nominal value of the claims asserted. *See Greene v. Harley Davidson,* 965 F.3d 767, 774 (9th Cir. 2020). Here, these facts show that potential liability more likely than not exceeds $75,000, based on the costs of complying with the requested injunctive relief.

**VII. REMOVAL IS ALSO PROPER BASED ON FEDERAL QUESTION JURISDICTION**

36. Removal is proper pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1331 because Plaintiff's claims present a federal question under the FTC's Green Guides, 16 C.F.R. § 260.1, *et seq.*, and the FTC Act, 15 U.S.C. § 45, *et seq.*

37. The original jurisdiction of the district courts includes jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

38. "Whether a case 'arises under' federal law for purposes of § 1331" is governed by the "well-pleaded complaint rule." *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 (2002).

39. Even when state law creates the causes of action, a complaint may raise a substantial question of federal law sufficient to warrant removal "if vindication of a right under state law necessarily turn[s] on some construction of federal law." *Merrell Dow Pharm. Inc., v. Thompson*, 478 U.S. 804, 808-09 (1986) (citation omitted); *see also Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936) (To bring a case within [§1441] a right or immunity created by the Constitution or the laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.").

40. "[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013); *see Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 315 (2005). "Where all four of these requirements are met . . . jurisdiction is proper because there is a 'serious federal interest in claiming the advantage thought to be inherent in a federal forum," *Gunn*, 568 U.S. at 258 (quoting *Grable*, 545 U.S. at 313-14).

41. As set forth below, this case meets all four requirements.[1]

42. Although Plaintiff asserts causes of action that purport to arise under state law, it bases its underlying theory of liability —that Walmart's private label

---

[1] The substantiality inquiry as it pertains to federal question jurisdiction is distinct from the merits of the case and has no bearing on the strength of Plaintiff's underlying claims. *See Gunn*, 568 U.S. at 260 ("The substantiality inquiry under *Grable* looks . . . to the importance of the *issue* to the federal system as a whole"; emphasis added).

brand products are deceptively labeled as recyclable— on alleged violations of federal law, specifically the FTC Act through the Green Guides, 16 C.F.R. § 260.12.

43. The FTC's Green Guides provide guidance to ensure that marketers "avoid making environmental marketing claims that are unfair or deceptive under Section 5 of the FTC Act, 15 U.S.C. 45." 16 C.F.R. § 260.1. While the Green Guides are not independently enforceable regulations, the FTC "can take action under the FTC Act if a marketer makes an environmental claim inconsistent with the Guides." FTC Green Guides: Statement of Basis and Purpose, at 1 (https://www.ftc.gov/sites/default/files/attachments/press-releases/ftc-issues-revised-green-guides/greenguidesstatement.pdf).

44. Plaintiff invokes federal law and pleads that Walmart violated federal law with, among others, the following allegations:

    a. "The California Business and Professions Code § 17580.5 makes it 'unlawful for any person to make any untruthful, deceptive, or misleading environmental marketing claim, whether explicit or implied.' Pursuant to that section, the term 'environmental marketing claim' includes any claim contained in the Guides for use of Environmental Marketing Claims published by the FTC (the Green Guides). *Id*; *see also* 16 C.F.R. § 260.1, *et seq*." Compl. ¶ 23.

    b. "Because the Products are rarely, if ever, recycled, Defendants cannot make any recycling claims as to these Products. However, at a minimum, Defendants are required to clearly and prominently qualify recyclable claims to avoid deception about the availability of recycling programs and collection sites to consumers. 16 C.F.R. § 260.12(b)." Compl. ¶ 44.

    c. ". . .Defendants are incorrectly implying that consumers need only check locally to determine whether recycling facilities exist in their community

12

4838-4650-1589

| | | |
|---|---|---|
|1| |. . .The FTC has explicitly stated such an implication is deceptive."|
|2| |Compl. ¶ 45.|
|3|d.|"Defendants' conduct violates Section 5 of the [FTC Act], which prohibits unfair methods of competition and unfair or deceptive acts or practices in or [a]ffecting commerce. By misrepresenting that the Products are recyclable, Defendants are violating Section 5 of the FTC Act." Compl. ¶ 66.|
|8|e.|"Pursuant to § 17580.5, the term "environmental marketing claim" includes any claim contained in the Green Guides. 16 C.F.R. § 260.1, *et seq*." Compl. ¶ 68.|
|11|f.|"By violating the FTC Act, Business & Professions Code § § 17500 and 17580.5, and the California Public Resources Code, Defendants have engaged in unlawful business acts and practices which constitute unfair competition within the meaning of Business & Professions Code § 17200." Compl. ¶ 69.|

45. Plaintiff's theories of liability against Walmart, as pled in the Complaint, are predicated on allegations that Walmart violated the FTC's Green Guides by marketing and advertising products as recyclable that Plaintiff claims are unable to be recycled or often not recycled. *See* Compl. ¶ 68.

46. The federal question presented by Plaintiff's claims therefore is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258.

47. First, a federal question is "necessarily raised" by Plaintiff's claims because they are based on, and so require construction of, federal regulations. *See Gunn*, 568 U.S. at 259 (holding federal question was "necessary" to plaintiff's malpractice case because he would have to prove he would have prevailed under federal patent law); *Grable*, 545 U.S. at 314-15 (finding federal-question jurisdiction

proper where plaintiff premised his superior title claim on a failure by the IRS to give adequate notice, as defined by federal law); *Independent Living Center of S. Cal., Inc. v. Kent*, 909 F.3d 272, 278–79 (9th Cir. 2018) (holding jurisdiction proper because to prevail, appellants would necessarily have to show violation of federal law); *cf. City of Oakland v. BP PLC*, 969 F.3d 895, 906 (9th Cir. 2020) (holding jurisdiction was not proper because claim did not "require[ ] an interpretation of a federal statute …."). Although a plaintiff may attempt to artfully plead its claims to avoid federal jurisdiction, jurisdiction exists where a court must interpret federal law to determine if the plaintiff is entitled to the relief sought. *See Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, (1921) (holding that a state-law claim could give rise to federal-question jurisdiction so long as it "appears from the [complaint] that the right to relief depends upon the construction or application of [federal law]").

48. Here, for example, Plaintiff asserts that Walmart's "conduct [] violates the policy of the Green Guides. The Green Guides mandate that '[a] product or package shall not be marketed as recyclable unless it can be collected, separated, or otherwise recovered from the waste stream through an established recycling program for reuse or use in manufacturing or assembling another item.' 16 C.F.R. § 260.12(a). It further states that '[a]n item that is made from recyclable material but because its shape, size, or some other attribute is not accepted in recycling programs, should not be marketed as recyclable.' 16 C.F.R. § 260.12(d)." Plaintiff further asserts that because consumers believe that Walmart's products are recyclable, Walmart is "[t]aking advantage of consumer perception" which "violates the policy of the Green Guides." Compl. ¶ 77.

49. Plaintiff's UCL claims require the Court to interpret the definition of recyclability under the Green Guides. The Court must analyze whether Walmart is in compliance with federal guidance as it relates to the recyclability claims in its private label brand products. Thus, Plaintiff's causes of action "necessarily turn[] on some construction of federal law" in order to determine if Walmart is in fact deceptively

14

marketing products as recyclable. *Alcoa Power Generating, Inc.*, 853 F.3d at 146. In sum, the Complaint necessarily raises federal issues—namely, whether Walmart is in violation of FTC's Green Guides and the FTC Act by improperly marketing products as recyclable that do not meet the requirements of 16 C.F.R. § 260.12.

50. Second, federal issues are "actually disputed" because the dispute between the parties largely hinges on whether Walmart deceptively marketed its products as recyclable under the FTC's Green Guides. Thus, this federal issue is the "central point of dispute." *Gunn*, 568 U.S. at 259.

51. Third, the federal issues presented by Plaintiff's claims are "substantial." "The substantiality inquiry under *Grable* looks . . . to the importance of the issue to the federal system as a whole." *Gunn*, 568 U.S. at 260. Among other things, the Court must assess whether the federal government has a "strong interest" in the federal issue at stake and whether allowing state courts to resolve the issue will "undermine the development of a uniform body of [federal] law." *Id*. at 260-62 (internal quotation and citation omitted). As the Supreme Court explained in *Grable*, "[t]he doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." 545 U.S. at 312. *See also Independent Living Center*, 909 F.3d at 279 (holding jurisdiction proper where "ubiquitous" issue of Medicare requirements had broad "importance … to the federal system as a whole.")

52. Here, Plaintiff seeks to use a California state court to hold Walmart responsible for plastic pollution that affects the entire country and indeed the entire world. As acknowledged in Plaintiff's complaint, plastic pollution "affects the amount of plastic in the ocean, in freshwater lakes and streams, on land, and in landfills." Compl. ¶ 1. As a result, plastic pollution is not a "local" matter that can be addressed by the laws of a single state. Plaintiff's Complaint concerns a social challenge for which no single, country, state, or company can be blamed.

Furthermore, because plastic pollution is an interstate and national problem, its resolution, if possible at all through litigation, should be addressed in a more uniform way at the federal level.

53. Plaintiff's claims also raise a substantial federal issue because this action may have a significant impact on retailers across the nation who market their products as recyclable. The analysis and interpretation of FTC's Green Guides regarding recyclability claims in this case may set precedent because the FTC has not yet litigated this issue itself.[2]

54. Plaintiff's attempt to enforce the FTC Green Guides and FTC Act raises a substantial federal question even though there is no private federal right of action for enforcing them. The lack of a federal right of action is relevant to but not dispositive of the jurisdictional issue. *Grable*, 545 U.S. at 309; *Independent Living Center*, 909 F.3d 272 at 279; *see also Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1236–37 (10th Cir. 2006) (holding state law claims based on dispute over the scope of rights under federal land-grant statute satisfied *Grable* despite the lack of a private right of action); *Ranck v. Mt. Hood Cable Regulatory Comm'n*, No. 3:16–cv–02409–AA, 2017 WL 1752954, at *4-5 (D. Or. May 2, 2017) (holding state-law claims based on violations of Cable Communications Policy Act raised substantial federal questions and satisfy *Grable* even though no private right of action exists under Act).

55. Fourth, the federal issue also is capable of resolution in federal court "without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258. Federal courts hear actions brought by the FTC alleging violations of the FTC Act, not state courts. Litigating such cases in state court, in fact, would run the risk that multiple state courts might interpret or apply federal requirements inconsistently.

---

[2] On information and belief, the only formal FTC enforcement actions concerning recyclability claims under the Green Guides have resulted in federal administrative consent orders or stipulated judgments negotiated by the agency and parties before the commencement of litigation. *See, e.g., In the Matter of N.E.W. Plastics Corp.*, C-4449, Decision and Order (FTC, April 3, 2014) (administrative consent order); *FTC v. AJM Packaging Corporation,* Stipulated Order for Permanent Injunction and Civil Penalty Judgment, 1:13-cv-01510-BAH (D.D.C., Oct. 1, 2013) (stipulated order entered into by federal district court due to violation of a previous administrative consent order).

Federal jurisdiction is therefore "consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331." *PNC Bank, N.A.*, 189 F. App'x at 104 n.3.

56. In summary, removal is appropriate because Plaintiff's "state-law claim[s] necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable*, 545 U.S. at 314; *see also Commc'ns Mgmt. Servs. v. Qwest Corp.*, 726 F. App'x 538, 540 (9th Cir. 2018) (holding unjust-enrichment claim alleging defendants failed to timely file a rate required by the FCC "necessarily raised a stated federal issue which [was] both actually disputed and substantial"); *EIJ, Inc. v. United Parcel Serv., Inc.*, 233 F. App'x 600, 601–02 (9th Cir. 2007) (breach of contract claim based in part on allegation that the plaintiff had received improper notice of an air carrier's liability limitation "[was] within the district court's 'arising under' federal law jurisdiction").

## VIII. CONCLUSION

57. Pursuant to 28 U.S.C. § 1446(b)(2)(A), Walmart is the only defendant that has been served and consents to removal.

58. The Doe Defendants have not been identified, and on information and belief, have not been served. Thus, their consent to removal is not required.

59. If any question arises as to propriety of removal to this Court, Walmart requests the opportunity to present a brief oral argument of its position that this case has been properly removed.

60. Walmart reserves the right to amend or further supplement this Notice.

4838-4650-1589

WHEREFORE, Walmart Inc., removes this action from the Superior Court of the State of California, County of Alameda, and requests that further proceedings be conducted in this Court as provided by law.

Dated: January 29th, 2021                    SHOOK, HARDY & BACON L.L.P.

By: ___*/s/ Eva. M. Weiler*___
Eva M. Weiler
Attorneys for Defendant
WALMART INC.

Defendant Walmart Inc. demands a trial by jury on all causes of action so triable.

Dated: January 29th, 2021                    SHOOK, HARDY & BACON L.L.P.

By: ___*/s/ Eva M. Weiler*___
Eva M. Weiler
Attorneys for Defendant
WALMART INC.