1  Eva M. Weiler (SBN: 233942)
   Kevin Underhill (SBN: 208211)
2  Steve Vieux (SBN: 315133)
   SHOOK, HARDY & BACON L.L.P.
3  Jamboree Center
   5 Park Plaza, Suite 1600
4  Irvine, California 92614-2546
   Telephone: 949-475-1500
5  Facsimile: 949-475-0016
   eweiler@shb.com
6  kunderhill@shb.com
   svieux@shb.com
7
   Attorneys for Defendant
8  WALMART INC.

9

10                 UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12

13  GREENPEACE, INC.,                )  Case No.: 3:21-cv-00754
                                     )
14           Plaintiff,              )  Judge: Hon.
                                     )  Ctrm.:
15       vs.                         )
                                     )  **DECLARATION OF ZACHARY**
16  WALMART, INC.; DOES 1 through 25,)  **FREEZE IN SUPPORT OF NOTICE**
    inclusive,                       )  **OF REMOVAL BY DEFENDANT**
17                                   )  **WALMART INC.**
             Defendants.             )
18                                   )  [Filed concurrently with Notice of
                                     )  Removal; Civil Cover Sheet; and
19                                   )  Corporate Disclosure Statement]
                                     )
20                                   )  Complaint filed: December 16, 2020
                                     )
21                                   )
                                     )
22  _____     )

23           I, Zachary Freeze, declare as follows:

24       1.    The statements made in this declaration are correct based upon my

25  personal knowledge. Figures contained in this declaration are based upon my review

26  and analysis of Walmart Inc. ("Walmart") records kept in the ordinary course of

27  business, made in a timely manner by those persons with knowledge, and as part of

28  Walmart's regular practice. I am over the age of 18 and would competently testify to

DocuSign Envelope ID: 4B6A4350-BB5A-4F7F-8E24-2592D6687CE4

the matters in this declaration if called to do so.  Data in this declaration is current as of the time the declaration was prepared.

2.     I am the Senior Director of Sustainability Strategic Initiatives at Walmart.  I have held this position for over four years.  I manage the team that is responsible for, among other things, developing and implementing Walmart's sustainable packaging goals.

3.     Walmart operates 280 stores in California.  Those stores are serviced by multiple Walmart distribution centers that hold products before they are distributed to stores.

4.     I have reviewed the Complaint.  I understand Plaintiff asserts the products at issue are those a) made of, or packaged in, plastic resins 3, 4, 5, 6, or 7, b) sold under one of Walmart's private brands, and c) labeled as recyclable.  The products Walmart sells that meet these criteria are referred to in this declaration as the "Subject Products."  I further understand Plaintiff has specifically identified eleven products in the Complaint as non-exclusive examples of the Subject Products.  Those eleven products are referred to in this declaration as the "Footnote 5 Products."

5.     I understand the Complaint asks the Court to prohibit Walmart from selling the Subject Products.  If the Court were to enter such an order, Walmart would lose the value of the Subject Products it has in stock.  For each of the Subject Products currently in stock, the lost value would include, among other things, the wholesale cost Walmart has already incurred and the retail price Walmart would receive.  The Subject Products are sold by Walmart with identical recyclability claims elsewhere in the United States.  Therefore, an order that prohibits Walmart from selling the Subject Products in California would necessarily cause Walmart to lose the value of the Subject Products throughout the United States.

6.     There are over 54,000 individual units of the Footnote 5 Products on hand in Walmart stores in California and the Walmart distribution centers that supply California stores.  The total wholesale cost of these California on-hand Footnote 5

2

Products is over $81,000.  The total retail price of these California on-hand Footnote 5 Products is over $154,000.

7.     The Subject Products consist of hundreds of products.

8.     Of the hundreds of Subject Products, I identified a sample of ten products.  The sampled products are referred to in this declaration as the "Sampled Products."  The Sampled Products do not include the Footnote 5 Products.  The Sampled Products are:

a.  Equate Infant Gas Relief Drops | UPC 68113176943

b.  Equate Antacid 160 count / 2 pack | UPC 68113136216

c.  Equate Diaper Rash Ointment 16 ounce | UPC 68113103117

d.  Equate Nighttime Mucus Relief 6 ounce | UPC 68113127530

e.  Great Value Ultra Strong Toilet Paper 18 pack | UPC 7874221070

f.  Great Value Slider Bags / Freezer / Quart 75 count | UPC 07874234962

g.  Great Value Ultra Paper Towels 12 pack | UPC 7874221085

h.  Great Value Wet Mop Wipes 12 count | UPC 07874215563

i.  Equate Beauty Lavender Bubble Bath | UPC 68113135383

j.  Great Value Frozen Pancakes 24 count | UPC 7874212187

9.     There are over 49,000 individual units of the Sampled Products on hand in Walmart stores in California and the Walmart distribution centers that supply California stores.  The total wholesale cost of these California on-hand Sampled Products is over $321,000.  The total retail price of these California on-hand Sampled Products is over $575,000.

10.     There is also expense associated with removing the Subject Products from Walmart stores that includes, among other things, return fees, communication fees, destruction fees, transportation, handling, and processing.  The expense to physically remove the Subject Products from Walmart's 280 stores in California exceeds $75,000.  This amount is in addition to the value of the products themselves.

3

11.     There is also expense associated with changing the labeling on private brand products sold in Walmart stores that includes, among other things, artwork design, printing, and personnel costs.  The expense to change the recyclability labeling on the Subject Products exceeds $75,000.  This amount is in addition to the value of the products themselves.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct

Executed on <u>1/28/2021 | 11:39 CST</u> in Bentonville, Arkansas.


*Zachary Freeze*

ZACHARY FREEZE

4829-6500-8341 V3