IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREENPEACE, INC., <br><br> Plaintiff, <br><br> v. <br><br> WALMART INC., <br><br> Defendant. | Case No. 21-cv-00754-MMC <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT; CONTINUING CASE MANAGEMENT CONFERENCE** |

Before the Court is defendant Walmart Inc.'s ("Walmart") Motion, filed April 28, 2021, "to Dismiss the First Amended Complaint ['FAC']." Plaintiff Greenpeace, Inc. ("Greenpeace") has filed opposition, to which Walmart has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

Greenpeace alleges Walmart sells under its "private label brands" products and packaging that are "made from plastics #3-7 or identified plastic" (collectively, "the Products") and are "labeled as 'recycleable.'" (See FAC ¶ 2.)[2] The statements that the Products are "recycleable" are, Greenpeace alleges, "false and misleading" (see FAC ¶ 51) because "consumers do not have access to recycling programs that accept the Products, the Products cannot be separated or recovered from the general waste stream and sorted into the correct materials bale by material recovery facilities," and "there are no end markets to reuse the Products or to convert the Products into a material that can

---

[1] By order filed June 30, 2021, the Court took the matter under submission.

[2] The FAC lists "examples of the Products," such as "Great Value Organic Cinnamon Applesauce Cups" and "Great Value Premium Forks." (See FAC ¶ 2 n.4.)

be reused or used in manufacturing or assembling another item."  (See FAC ¶ 2; see also FAC ¶¶ 53-54.)  Based on the above allegations, Greenpeace asserts three Causes of Action.  In the First Cause of Action, Greenpeace alleges Walmart's statements that the Products are recyclable constitute "fraudulent acts and practices" in violation of § 17200 of the California Business & Professions Code.  (See FAC ¶ 74.)  In the Second Cause of Action, Greenpeace alleges the statements are "unlawful business acts and practices" in violation of § 17200.  (See FAC ¶ 81.)  In the Third Cause of Action, Greenpeace alleges the statements are "unfair business acts and practices" in violation of § 17200.  (See FAC ¶ 92.)

Walmart argues the FAC is subject to dismissal for the reason that Greenpeace has not alleged any facts to establish it has standing to bring any of its claims under § 17200.  As set forth below, the Court agrees.

Section 17200 prohibits "unfair competition," which includes "unlawful, unfair or fraudulent" business acts or practices.  See Cal. Bus. & Prof. Code § 17200.  An action under § 17200, however, cannot be brought unless the plaintiff satisfies the "standing requirement" set forth in § 17204, see In re Tobacco II Cases, 46 Cal. 4th 298, 325 (2009), specifically, that the plaintiff "has suffered an injury in fact and has lost money or property as a result of the unfair competition," see Cal. Bus. & Prof. Code § 17204.

The term "as a result of," as set forth in § 17204, means "caused by," see Kwikset v. Superior Court, 51 Cal. 4th 310, 326 (2011) (internal quotation and citation omitted), and where, as here, the challenged conduct consists of alleged misrepresentations to consumers, the "causation requirement" is met only where the plaintiff "demonstrate[s] actual reliance on the allegedly deceptive or misleading statements."  See id. (internal quotation and citation omitted).  This requirement must be met not only where the plaintiff challenges the defendant's alleged misrepresentations under the "fraud" prong of § 17200, see In re Tobacco II Cases, 46 Cal. 4th 298, 326 (2009), but also under the "unlawful" and "unfair" prongs, see Kwikset, 51 Cal. 4th at 326 n.9 (holding plaintiff who bases § 17200 "unlawful" claim on misrepresentation must allege he relied to his

detriment on misrepresentation); In re iPhone Application Litig., 6 F. Supp. 3d 1004, 1013-14 (N.D. 2013) (holding where § 17200 claim is based on misrepresentation, plaintiff must plead reliance thereon, whether claim brought under "fraud prong," "unlawful prong," or "unfair prong"; citing cases).

Greenpeace, in arguing it has standing, first points to its allegation that Walmart's statements have "frustrated Greenpeace's mission to protect the natural environment and have caused Greenpeace to spend money, staff time, and other organizational resources in California in response to that frustration of purpose." (See FAC ¶ 5.) Although, in some circumstances, "diversion of resources" allegations may be sufficient to establish the requisite causal connection where a § 17200 claim is not based on a misrepresentation to a consumer, see, e.g., Animal Legal Defense Fund v. LT Napa Partners LLC, 234 Cal. App. 4th 1270, 1279-80 (2015) (holding, with respect to § 17200 claim based on theory defendants sold "foie gras" in violation of statute prohibiting such sale, plaintiff had standing based on allegation it "diverted significant organizational resources to combat defendants' continuing illegal sales of foie gras"), here, as noted, plaintiffs' § 17200 claims are based solely on Walmart's alleged misrepresentations to consumers. Under such circumstances, Greenpeace, to establish standing, must plead its reliance on those statements. See Kwikset, 51 Cal. 4th at 326-27.[3]

Greenpeace next argues that, if reliance is necessary, its allegation that "Walmart's misrepresentation was the immediate cause of Greenpeace's actions to further investigate and thwart Walmart's mislabeling practices" suffices. (See Pl.s' Opp. at 16:20-22 (citing FAC ¶¶ 13-25).) Under California law, however, "reliance" means "reliance on a statement for its truth and accuracy," such that the plaintiff "was motivated

---

[3] Although, as Greenpeace observes, reliance is not an element of a § 17200 claim even where such claim is based on a false statement, see Morgan v. AT&T Wireless Services, Inc., 177 Cal. App. 4th 1235, 1255-56 (2009) (holding "a fraudulent business practice is one that is likely to deceive members of the public"), the plaintiff, in order to meet the threshold standing requirement set forth in § 17204 as construed by the California Supreme Court, must plead detrimental reliance, see Kwikset, 51 Cal. 4th at 326-27.

3

to act or refrain from action based on the truth or falsity of a defendant's statement, not merely on the fact it was made."  See Kwikset, 51 Cal. 4th at 327 n.10.  Here, nothing in the FAC suggests Greenpeace engaged in its investigation in reliance on a belief that the statements on which it bases its claims were true; rather, the FAC alleges the action taken by Greenpeace was in response to its belief that the challenged statements were false; in other words, Greenpeace was never misled.  (See, e.g., FAC ¶ 13 (alleging Greenpeace "staff members spent a significant amount of time in California to counter [Walmart's] false recycling representations present on the labels of Product it sold in California").)

In sum, Greenpeace has failed to plead it took action in reliance on the truth of Walmart's representations, and, consequently, it has failed to allege it has standing to bring the § 17200 claims asserted in the FAC.

## CONCLUSION

For the reasons stated above, Walmart's motion to dismiss is hereby GRANTED, and the FAC is hereby DISMISSED.  Should Greenpeace wish to file a Second Amended Complaint ("SAC"), it shall do so no later than October 15, 2021.

Lastly, in light of the above, the Case Management Conference is hereby CONTINUED from September 24, 2021, to December 17, 2021, at 10:30 a.m.  A Joint Case Management Statement shall be filed no later than December 10, 2021.

**IT IS SO ORDERED.**

Dated: September 20, 2021

MAXINE M. CHESNEY
United States District Judge