IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREENPEACE, INC., <br>     Plaintiff, <br> v. <br> WALMART INC., <br>     Defendant. | Case No. 21-cv-00754-MMC <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS THIRD AMENDED COMPLAINT; AFFORDING PLAINTIFF FURTHER LEAVE TO AMEND; VACATING HEARING; CONTINUING CASE MANAGEMENT CONFERENCE** |

      Before the Court is defendant Walmart Inc.'s Motion, filed March 25, 2022, "to Dismiss the Third Amended Complaint." Plaintiff Greenpeace, Inc. has filed opposition, to which defendant has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for determination on the parties' respective written submissions, VACATES the hearing scheduled for May 13, 2022, and rules as follows.

      1. Contrary to defendant's argument, there is no bar to a private party basing a claim under § 17200 of the Business & Professions Code on a violation of the Environmental Marketing Claims Act ("EMCA"). See Chabner v. United of Omaha Life Ins. Co., 225 F.3d 1042, 1048 (9th Cir. 2000) (holding "[i]t does not matter whether the underlying statute also provides for a private cause of action; section 17200 can form the basis for a private cause of action even if the predicate statute does not"); Cel-Tech Comms., Inc. v. Los Angeles Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999) (holding "[§] 17200 borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable") (internal quotation and citation omitted).

1    2.  Contrary to plaintiff's argument, plaintiff has failed to sufficiently allege, for
2  purposes of Article III standing, an "informational injury" based on its not receiving
3  "information to which it is entitled under EMCA" (see Pl.'s Opp. at 7:26-28); specifically,
4  plaintiff fails to clearly allege it ever requested such information from defendant.  See Cal.
5  Bus. & Prof. Code § 17580(a) (providing "[i]nformation and documentation maintained
6  pursuant to [the EMCA] shall be furnished to any member of the public upon request");
7  Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016) (holding plaintiff, at pleading stage,
8  must "clearly allege facts" demonstrating "injury in fact") (internal quotation, alteration,
9  and citation omitted).

10    3.  Contrary to plaintiff's argument, plaintiff has failed to sufficiently allege, for
11  purposes of Article III standing, an injury based on future diversions of resources.
12  Although plaintiff alleges that, in the past, it diverted resources to investigate and
13  document defendant's representations (see, e.g., Third Amended Complaint ("TAC")
14  ¶¶ 24, 26-27), plaintiff fails to clearly allege facts demonstrating it is likely, in the future, to
15  divert resources as a result of defendant's alleged failure to provide plaintiff with
16  information to which it is entitled under EMCA.  See Spokeo, 578 U.S. at 338; City of Los
17  Angeles v. Lyons, 461 U.S. 95, 105 (holding "standing to seek [an] injunction . . .
18  depend[s] on whether [the plaintiff is] likely to suffer future injury from the [challenged
19  practice]").[1]

20    4.  As plaintiff may be able to cure the above-noted deficiencies, the Court will
21  afford plaintiff further leave to amend to add additional facts in support of standing.

**CONCLUSION**

23  For the reasons stated above, defendant's motion to dismiss the TAC is hereby
24  GRANTED, and the TAC is hereby DISMISSED with leave to amend to cure the above-
25  noted deficiencies.  Plaintiff shall file its Fourth Amended Complaint no later than May 27,

---

[1] In light of the above findings, the Court does address at this time defendant's alternative request for an order staying the instant case in light of an appeal, pertaining to the issue of statutory standing, pending before the California Supreme Court.

2

2022.

In light of the above, the Case Management Conference is hereby CONTINUED from May 27, 2022, to August 19, 2022, at 10:30 a.m.   A Joint Case Management Statement shall be filed no later than August 12, 2022.

**IT IS SO ORDERED.**

Dated: May 10, 2022

MAXINE M. CHESNEY
United States District Judge